UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAVELLE LOWE,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>WILLIAM GITTERE et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:21-cv-01100-RFB-DJA<br><br>ORDER |

**I.　DISCUSSION**

　　On December 14, 2021, this Court entered an order permitting this action to proceed against Defendants Quinlan and Cruz on Plaintiff's Eighth Amendment claims for excessive force and failure to protect. (ECF No. 5 at 8). The Court stayed the case for 90 days to give Plaintiff and Defendants Quinlan and Cruz an opportunity to settle their dispute before the filing fee was paid, an answer was filed, or the discovery process began. (*Id.*). The Court directed the Attorney General's Office to notify the Court whether it would enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. (*Id.* at 10).

　　On January 4, 2022, the Attorney General's Office informed the Court that it could not make a limited appearance for the purpose of settlement because Defendant Quinlan was no longer employed by the Nevada Department of Corrections ("NDOC") and the Attorney General's Office did not know the "identity" of Defendant Cruz. (ECF No. 7 at 1). The Attorney General's Office explained that Defendant Thomas Quinlan ended his employment with the NDOC on September 16, 2019. (*Id.*).

　　In light of this notice, the Court now orders the Attorney General's Office to send a letter to Defendant Thomas Quinlan at his last known address informing him that he is a defendant in this lawsuit. In that letter, the Attorney General's Office will ask Defendant Quinlan if he would like the Office to represent him in this matter. Within 30 days from the date of this order, the Attorney General's Office will file an updated notice with the Court

informing the Court whether it will be entering a limited notice of appearance on behalf of Defendant Quinlan for the purpose of settlement in light of that letter.

The Attorney General's Office will also provide further explanation of what it means when it says that Defendant Cruz's identity is unknown at this time. It is unclear to the Court whether the Attorney General's Office is representing that it has no employment record of a current or former employee with the first or last name Cruz, or an alternative spelling of the name, who worked at Ely State Prison at the time of the alleged events. If the Attorney General's Office obtains the identity of Defendant Cruz, it will take similar steps, as described above, to inform Defendant Cruz of this lawsuit and make a request for representation.

If the Attorney General's Office enters a limited notice of appearance on behalf of Defendants Quinlan or Cruz for the purpose of settlement, the Court will schedule an early inmate mediation conference. However, if the Attorney General's Office notifies the Court that it will not be entering a limited notice of appearance in light of its communication with Defendants Quinlan and Cruz, the Court will issue an order that: (1) removes this case from the early inmate mediation program, (2) rules on the application to proceed *in forma pauperis*, and (3) begins the service process with the U.S. Marshal's Office.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office will send a letter to Defendant Quinlan at his last known address informing him of this lawsuit and asking whether he seeks to have the Office represent him for the limited purpose of settlement.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office will file an updated notice with the Court informing the Court about Defendant Quinlan's representation status and clarification of Defendant Cruz's identity.[1]

---

[1] If the Attorney General's Office obtains the identity of Defendant Cruz, it will also send a letter to Defendant Cruz at his last known address informing him of this lawsuit and asking whether he seeks to have the Office represent him for the limited purpose of settlement.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office will advise the Court whether it will enter a limited notice of appearance on behalf of Defendants Quinlan and Cruz for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

IT IS FURTHER ORDERED that, within 30 days, if the Attorney General's Office does not receive authorization to represent either Defendants Quinlan or Cruz and does not enter a limited notice of appearance, the Office will file, under seal, but will not serve the inmate Plaintiff, the last known addresses of Defendants Quinlan and Cruz. If the last known address of the defendants are post office boxes, the Attorney General's Office will attempt to obtain and provide the last known physical addresses.

IT IS FURTHER ORDERED that, if this case remains in the early inmate mediation program, the Court extends the 90-day stay and the deadline for the 90-day stay status report until 5 days after any scheduled mediation.

DATED THIS 21st day of March 2022.

_____
RICHARD F. BOULWARE, II
United States District Judge