UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lavelle Lowe,<br><br>                    Plaintiff,<br><br>    v.<br><br>William Gittere, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01100-RFB-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

  This is a prisoner civil rights action arising out injuries Plaintiff Lavelle Lowe's alleges to have sustained while an inmate in the custody of Ely State Prison. Plaintiff sues Defendants Correctional Officer Cruz and Senior Correctional Officer T. Quinlan for damages, alleging violations of his Eighth Amendment rights through Defendants' excessive force and failure to protect.[1] Plaintiff now moves for appointment of counsel. (ECF No. 16). The same day Plaintiff moved for appointment of counsel, the Office of the Attorney General (OAG) entered a limited appearance on behalf of Cruz, explaining that, although it previously could not identify Cruz, it now believes that Plaintiff is referring to Jacob Cruz. (ECF No. 17). The OAG explains that "it will enter a limited notice of appearance on behalf of Jacob Cruz for the purposes of settlement discussions." (*Id.*).

  Because the Court finds that Plaintiff's motion for appointment of counsel is premature, it denies Plaintiff's motion. (ECF No. 16). Because Cruz has appeared through the OAG for the limited purpose of settlement, the Court recommends placing this case back into the early inmate mediation program. It also recommends staying the case for ninety days.

---

[1] In screening his complaint, the Court dismissed Plaintiff's claims against Defendants Warden William Gittere, Associate Warden David Drummond, and Associate Warden Reubart without prejudice. (ECF No. 5), Plaintiff has not asserted new claims against these Defendants.

### I. Background.

#### *A. Procedural background.*

On December 14, 2021, the Court screened Plaintiff's complaint but deferred ruling on his application to proceed *in forma pauperis* while the matter was referred to the inmate mediation program. (ECF No. 5). The Court explained that the action would be stayed for ninety days so that the parties could attempt to settle the case. (*Id.* at 8). It asked the OAG to advise the Court whether the OAG would enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. (*Id.* at 10).

On January 5, 2022, the OAG filed a notice that Quinlan no longer worked for the Nevada Department of Corrections and Cruz's identity was not known. (ECF No. 7). Thus, the OAG could not enter a limited notice of appearance on behalf of the Defendants. (*Id.*). After the ninety day stay, the OAG filed a report that no mediation was scheduled for the early inmate mediation. (ECF No. 8).

On March 21, 2021, the Court ordered the OAG to send a letter to Quinlan at his last known address to see whether Quinlan would like the OAG to represent him in the matter. (ECF No. 9). The Court also asked the OAG to provide a further explanation of what it meant when it said that "Defendant Cruz's identity is unknown at this time." (*Id.* at 2). The Court explained that, if the OAG obtained Cruz's identity, it should take steps to inform Cruz about the lawsuit and see if Cruz would like the OAG to represent him in the lawsuit. (*Id.*). The Court further explained that "if the Attorney General's Office notifies the Court that it will not be entering a limited notice of appearance in light of its communication with Defendants Quinlan and Cruz, the Court will issue an order that: (1) removes this case from the early inmate mediation program, (2) rules on the application to proceed *in forma pauperis*; and (3) begins the service process with the U.S. Marshal's Office." (*Id.*).

The OAG then confirmed that it complied with the order but was still unable to enter a limited appearance for Quinlan. (ECF No. 10). It added that it was unable to contact any individual that would potentially be Cruz and thus, could not enter a limited appearance for Cruz either. (*Id.*). The OAG filed Quinlan's last known address under seal. (ECF No. 11).

The Court granted Plaintiff's application to proceed *in forma pauperis* on April 21, 2022. (ECF No. 13). It ordered Plaintiff to serve Quinlan and Cruz. (*Id.*). On May 12, 2022, the OAG filed a notice of appearance on behalf of Cruz—who it identified as Jacob Cruz—for the limited purpose of settlement discussions. (ECF No. 7). A few days later, summonses to both Cruz and Quinlan were returned unexecuted. (ECF Nos. 18, 19).

### B.   *Plaintiff's motion for appointment of counsel.*

Plaintiff moved for appointment of counsel on the same day that the OAG entered its limited appearance. (ECF No. 16). Plaintiff argues that the Court should appoint counsel because the case is complex. (*Id.* at 16). He explains that the case will involve medical testimony, a jury trial demand, more than one claim, more than one defendant, and extensive discovery. (*Id.*). He adds that he has no high school education and is serving a sentence in punitive segregation, making it harder for him to make his claims and access the law library. (*Id.*). He adds that his position and Defendants are sharply contrasting because Defendants will argue that their use of force was justified. (*Id.*).

## II.   Discussion.

### A.   *The Court denies Plaintiff's motion for appointment of counsel as premature.*

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

*Kern v. Henry* stands for the proposition that a case that has passed summary judgment and is proceeding to trial constitutes one example of a case both complex and likely to succeed to warrant appointing counsel. *Kern v. Henry et al.*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist.

LEXIS 62435, at *1-4 (D. Nev. Apr. 24, 2017). There, the court found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity and the procedural burdens of trial preparation. *Id.*

The Court denies Plaintiff's motion as premature. Plaintiff has not demonstrated the exceptional circumstances that would warrant appointing counsel. Plaintiff's case is in the very early stages and the likelihood of success on the merits is unclear. Moreover, Plaintiff has already demonstrated an ability to articulate his claims considering the complexity of the legal issues he has alleged.

Unlike the case in *Kern*, which progressed past summary judgment, Plaintiff's case has not yet undergone settlement negotiations or began discovery. Only one Defendant—Cruz—has very recently appeared. As discussed more fully below, now that Cruz has appeared, the Court finds it appropriate to recommend putting this case back in the inmate mediation program. Based on his filings thus far, the Court finds that Plaintiff will be able to engage in the inmate mediation program without the assistance of an attorney. The Court thus denies his motion for appointment of counsel without prejudice as premature.

> **B.**     ***The Court recommends Plaintiff's case be placed back into the inmate mediation program and stayed for ninety days.***

Now that Cruz has appeared through the OAG for the limited purpose of settlement, the Court finds it appropriate to recommend referring this case back to the early inmate mediation program. It appears that the OAG's inability to identify Cruz may have been part of the reason mediation was never scheduled. Now that Cruz has appeared, and because the case is still in its early stages, the Court recommends referring the case back to the early inmate mediation program.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 16) is **denied without prejudice as premature.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the case be referred to the early inmate mediation program.

**IT IS FURTHER RECOMMENDED** that the case be stayed for ninety days to give Plaintiff and Cruz an opportunity to settle their dispute.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 5, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE