UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lavelle Lowe,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>William Gittere; et al.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01100-RFB-DJA<br><br>**Order** |

　　　　Before the Court is Plaintiff Lavelle Lowe's motion for appointment of counsel. (ECF No. 35). No party has responded to the motion. Plaintiff also filed a letter requesting that the Court confirm receipt of documents he filed. (ECF No. 37). Because the Court finds that Plaintiff has not demonstrated exceptional circumstances, it denies his motion for appointment of counsel without prejudice. The Court will also send Plaintiff a copy of the docket sheet so that he may confirm which of his documents were filed.

　　　　Additionally, the parties in this case have undergone an early inmate mediation. (ECF No. 32). However, the parties did not reach a settlement. (*Id*.). Through this order, the Court places the case onto the normal litigation track.

**I.　　Plaintiff's motion for appointment of counsel.**

　　　　Plaintiff argues that the Court should appoint counsel because the case is complex. (ECF No. 35 at 4-8). He explains that the case will involve medical testimony, a jury trial demand, more than one claim, more than one defendant, and extensive discovery. (*Id*.). He adds that he has no high school education and is serving a sentence in punitive segregation, making it harder for him to assert his claims and access the law library. (*Id*.). He adds that his position and Defendants' are sharply contrasting because Defendants will argue that their use of force was justified. (*Id*.).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

*Kern v. Henry* stands for the proposition that a case that has passed summary judgment and is proceeding to trial constitutes one example of a case both sufficiently complex and likely to succeed to warrant appointing counsel. *Kern v. Henry et al.*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at *1-4 (D. Nev. Apr. 24, 2017). There, the court found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity and the procedural burdens of trial preparation. *Id.*

The Court denies Plaintiff's motion for appointment of counsel. The Court denied Plaintiff's previous motion for appointment of counsel, finding that it was premature given the early stage of his case. (ECF No. 20). Plaintiff's case is still in an early stage. Plaintiff underwent an early inmate mediation conference on March 17, 2023, during which conference the parties did not reach a settlement. (ECF No. 32). The case has thus not progressed to the discovery stage yet.

Additionally, Plaintiff has not demonstrated extraordinary circumstances beyond that which many inmate litigants face in pursuing their cases. And it is unclear whether Plaintiff remains in punitive segregation given his recent transfer to the Ely State Prison. Plaintiff has also demonstrated an ability to articulate his claims thus far in the litigation.

## II. Plaintiff's letter.

Under Nevada Local Rule IA 7-1(b), a pro se party must not send case related correspondence to the Court.[1] "All communications with the court must be styled as a motion, stipulation, or notice…" LR IA 7-1(b). Plaintiff's letter should have been filed as a motion under LR IA 7-1(b). Nonetheless, the Court finds good cause to grant the relief Plaintiff seeks. Plaintiff explains that, since he has arrived at the Ely State Prison, he has not received a confirmation that his documents have been filed. He thus asks the Court to confirm whether his recently filed documents were filed on the docket. The Court will send Plaintiff a copy of the docket sheet so that he may confirm what has been filed in his case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 35) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of the docket sheet.

**IT IS FURTHER ORDERED** that this case shall proceed on the normal litigation track:

1. The Clerk of Court shall electronically **serve** a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada. This does not indicate acceptance of service.
2. Service must be perfected within ninety (90) days from the date of this order under Fed. R. Civ. P. 4(m).
3. Within twenty-one days of the date of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (1) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing

---

[1] Local Rule IA 7-1(a) provides instances in which case related correspondence is appropriate: "An attorney or pro se party may send a letter to the court at the expiration of 90 days after any matter has been, or should have been, fully briefed if the court has not entered its ruling. If this letter was sent and a written ruling has not been entered 120 days after the matter was or should have been fully briefed, an attorney or pro se party may send a letter to the Chief Judge…"

  the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 6) within sixty days from the date of this order.

6. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Local Rule IC 4-1(b); Local Rule 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or

the Clerk which fails to include a certificate showing proper service when required.

DATED: March 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE